**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-4459

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAMAAL WALKER,

Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  Richard D. Bennett, District Judge.  (CR-
04-131-RDB)

Submitted:  June 23, 2006               Decided:  July 25, 2006

Before NIEMEYER and KING, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Jonathan P. Van Hoven, Baltimore, Maryland, for Appellant.  Rod J.
Rosenstein, United States Attorney, Jonathan M. Mastrangelo,
Assistant United States Attorney, OFFICE OF THE UNITED STATES
ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

For his part in the 2003 carjacking, abduction, robbery, and shooting of Edward Hawkins in Baltimore, Maryland, Jamaal Walker was convicted of carjacking, in violation of 18 U.S.C. § 2119, using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c), and conspiring to use a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(o). The district court sentenced Walker to 255 months' imprisonment. On appeal, Walker assigns an array of errors allegedly committed by the district court during his trial and sentencing. Rejecting Walker's challenges, we affirm.

I

Walker contends first that the district court abused its discretion in admitting into evidence irrelevant and prejudicial evidence in violation of Federal Rules of Evidence 403, 404(b), and 802. In particular, he challenges the district court's rulings admitting testimony from a police officer that when Walker was arrested, he was wearing body armor; admitting testimony of a co-conspirator who believed that Walker approached him to steal a van to commit robberies because that is what they had done in the past; admitting testimony of a co-conspirator that Walker suggested to the other co-conspirators during the course of the conspiracy charged that they rob some men at a gas station; and admitting

-2-

testimony that Walker stored the gun that was used in the carjacking in the closet of a child's bedroom. Contrary to Walker's assertion, all of these matters were probative of intent, the nature and scope of the conspiracy, and the actual course of events that took place in preparation for and during the conspiracy. While Walker contends that they should have been excluded as evidence of other crimes under Rule 404(b), Rule 404(b) does not govern testimony probative of the charged conduct. Walker's contention that the evidence was prejudicial was also properly rejected because the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice to Walker. See Fed. R. Evid. 403. And with respect to Walker's contention that the evidence constituted inadmissible hearsay, that objection was interposed as to statements of co-conspirators made during the course and in furtherance of the conspiracy, which sometimes contained statements attributed to Walker. Such evidence, however, does not constitute hearsay. See Fed. R. Evid. 801(d)(1), 801(d)(2)(E).

## II

Walker next contends that the district court abused its discretion in admitting evidence that he threatened co-conspirator Cypress during the course of the trial. Cypress had finished testifying against Walker on direct examination, but had not yet

been cross-examined, when Walker complained to Cypress, while both were in the holding cell, that Cypress had "snitched" on him, that Cypress had better watch his back, and that Walker had previously prevented his cousin from harming Cypress' mother, but would now no longer do so.  The district court properly admitted this testimony as evidence of consciousness of guilt, see United States v. Young, 248 F.3d 260, 272 (4th Cir. 2001), and accordingly we reject Walker's argument that the court abused its discretion in admitting it.

III

Walker also contends that the district court abused its discretion in failing to grant his motion for a mistrial or in failing to give curative instructions with respect to two allegedly improper remarks made by the prosecutor during closing arguments.

The first remark was made in response to Walker's counsel's statement during closing argument that the government had failed to call certain friends and relatives of the co-conspirators to corroborate the co-conspirators' testimony.  In rebuttal, the prosecutor responded that the defense also had the ability to call the same witnesses but had chosen not to.  When Walker's counsel objected, the district court sustained the objection, but refused to give a curative instruction.  Because the district court need not have sustained the objection, we conclude a fortiori that the

court need not have given a curative instruction. We have previously held that the government may respond to a defendant's argument that the failure to call a witness weakens the government's case by noting that the defendant could also have called the witness. See United States v. Molovinsky, 688 F.2d 243, 247-48 (4th Cir. 1982). In his response in this case, the prosecutor did not comment on Walker's failure to testify; he was only refuting the argument that the failure to call certain witnesses who were equally available to the defense was a reason to discredit the government's evidence. See United States v. Sblendorio, 830 F.2d 1382, 1391-92 (7th Cir. 1987).

Walker also argues that the prosecutor improperly attacked defense counsel for criticizing the credibility of Dominic Peters, a government witness and a resident of the neighborhood where the shooting took place. During closing argument, Walker's counsel argued that the placement of the conspirators' vehicle in relation to the victim's vehicle during the shooting was an important detail, because it went to whether Peters was "telling you the truth about what he saw." During rebuttal, the prosecutor addressed this argument by warning the jury to "be wary of somebody who's asking you to disbelieve everyone in this case, including somebody like Mr. Peters. You saw him come in. This is a guy who lives there. Do you think he's lying about these details?" After addressing inconsistencies in and among witnesses' testimony

involving the placement of the vehicles during the shooting, the prosecutor continued, "To sit there and say that the testimony about precisely where those things were positioned somehow means -- this was the suggestion, that Dominic Peters is lying -- is a stretch."

Even though the prosecutor warned the jury to be "wary of somebody whose's asking you to disbelieve everyone," his argument was clearly directed at defense counsel's argument that each government witness should be disbelieved.  The prosecutor did not unfairly impugn defense counsel's motives or methods; he was commenting on the credibility of witnesses, as he was entitled to do.

Finding neither remark by the prosecutor to be improper, we conclude that the district court did not err in refusing to give a curative instruction or to grant a mistrial.


IV

Finally, Walker contends that the district court clearly erred in increasing his base offense level by four after finding that he was an organizer or leader of the conspiracy, see U.S.S.G. § 3B1.1(c), and after finding that he obstructed justice, see U.S.S.G. § 3C1.1.  Because both determinations were essentially factual, we review the district court's conclusions for clear error.

We conclude that the record contained a substantial factual basis for the district court's finding that Walker was an organizer or leader of the conspiracy. Walker approached Cypress and asked him to help steal the car to be used in the robbery, and he asked Ms. Poole to contact Hawkins to arrange the meeting. Walker supplied the firearm, ammunition, gloves, and face masks used during the carjacking. Walker drove the stolen van to the carjacking site and then led the group to the site of the shooting. Walker gave orders to his co-conspirators, including ordering them to get into Hawkins' car after the shooting and ordering Cypress to dispose of Hawkins' car afterwards. In short, the evidence showed that Walker conceived of the crime, recruited others to help him, provided the equipment necessary to commit the crime, and directed the physical movements of the other co-conspirators. There was thus ample evidence from which the district court could have concluded that Walker was a leader or organizer of the conspiracy.

With respect to the district court's enhancement for obstruction of justice, the district court relied on Walker's threat to Cypress made during the trial. U.S.S.G. § 3C1.1 applies if the obstructive conduct occurs "during the course of the . . . prosecution . . . of the instant offense of conviction," and Comment 4 specifically identifies "threatening [or] intimidating . . . a witness . . . directly or indirectly, or attempting to do so" as conduct to which the adjustment applies. Two witnesses

testified to the threat that Walker made to Cypress, and that threat qualified as an obstruction of justice justifying an increase in the total offense level. Again we conclude that the district court had substantial evidence on which to base its finding.

The judgment of the district court is accordingly

AFFIRMED.